IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:24-cv-699

NORTH CAROLINA DEMOCRATIC PARTY,  )
                                                                 )
              Plaintiff,      )
                                 )
            v.                   )
                                 )
NORTH CAROLINA STATE BOARD OF   )
ELECTIONS, *et al.*,                )
                                 )
            Defendants.     )

**<u>PROPOSED INTERVENOR'S MEMORANDUM IN SUPPORT OF HIS MOTION TO INTERVENE</u>**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... i
INTRODUCTION AND STATEMENT OF THE NATURE OF THE CASE ................................ 1
STATEMENT OF FACTS ..................................................................................................... 1
ARGUMENT ........................................................................................................................ 2
    I.     Judge Griffin's Motion is timely. ............................................................................. 2
    II.    This litigation threatens to impair Judge Griffin's
           significantly protectable interests. ......................................................................... 3
    III.   Judge Griffin's interests are not adequately represented
           by the NCSBE defendants. ..................................................................................... 5
    IV.   In the alternative, the Court should grant permissive intervention ....................... 6
CONCLUSION ..................................................................................................................... 7
CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.2(f)(2) ........................................... 8
CERTIFICATE OF SERVICE ................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alt v. U.S. E.P.A.*,
  758 F.3d 588 (4th Cir. 2014) ..................................................................................2

*Berger v. N.C. State Conf. of the NAACP*,
  597 U.S. 179 (2022)..........................................................................................3, 5, 6

*La Union del Pueblo Entero v. Abbott*,
  29 F.4th 299 (5th Cir. 2022) ..................................................................................6

*N.C. Green Party v. N.C. State Bd. of Elecs.*,
  619 F. Supp. 3d 547 (E.D.N.C. 2022) ..........................................................3, 4, 5, 6

*Nelson v. Warner*,
  472 F. Supp. 3d 297 (S.D. W. Va. 2020)..................................................................3

*Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders Ass'n*,
  646 F.2d 117 (4th Cir. 1981) ..................................................................................2

*Republican Nati'l Comm. v. N.C. State Bd. of Elections*,
  No. 5:24-cv-00547 (E.D.N.C.)................................................................................2

*Teague v. Bakker*,
  931 F.2d 259 (4th Cir. 1991) ..................................................................................3

*Trbovich v. United Mine Workers of Am.*,
  404 U.S. 528 (1972)............................................................................................5, 6

*United Gaur. Residential Ins. Co. of Iowa v. Phila. Sav. Fund Soc'y*,
  819 F.2d 473 (4th Cir. 1987) ..................................................................................5

**Other Authorities**

Fed. R. Civ. P. 24................................................................................................2, 6, 7

# INTRODUCTION AND STATEMENT OF THE NATURE OF THE CASE

The North Carolina Democratic Party ("NCDP") wants this Court to prevent the North Carolina State Board of Elections ("NCSBE") from sustaining election protests filed by Proposed Intervenor, Judge Jefferson Griffin. Judge Griffin has a direct and substantial interest in the success of his election protests: It's the difference between winning and losing the November 2024 general election for a seat on the North Carolina Supreme Court. The NCDP's effort to prevent Judge Griffin from prevailing on his election protests represents an obvious threat to Judge Griffin's interests, and Judge Griffin cannot rely on the NCSBE to adequately protect those interests. Because the NCDP filed its complaint prematurely, the NCSBE has not yet decided whether it even agrees with the merits of Judge Griffin's protests. The Court should therefore grant Judge Griffin's motion to intervene.

# STATEMENT OF FACTS

The NCDP filed this suit three days ago on December 6, 2024. D.E. 1. As relevant here, the NCDP's Complaint alleges that federal law—namely, the National Voter Registration Act, the Help America Vote Act, and the First and Fourteenth Amendments—prohibits the NCSBE from sustaining Judge Griffin's election protests. *Id.* ¶¶ 39-72. (Judge Griffin's protests, for their part, allege that approximately 60,000 individuals cast ballots in violation of state law during the November 2024 general election. *See* D.E. 1-2, 1-3, 1-4; D.E. 1 ¶ 3.) The NCDP seeks a declaratory judgment that the NCSBE will violate federal law if it sustains Judge Griffin's protests. D.E. 1 ¶ 7; *see id* at 25 (prayer for relief).

Although the Complaint names only the NCSBE and its officers as defendants, *id.* ¶¶ 16-22, the NCDP's claims are actually aimed at defeating Judge Griffin's election protests. Indeed, the NCDP alleges that Judge Griffin's protests, among others, "giv[e] rise to the Complaint." *Id.*

¶¶ 4, 11.  And the Complaint mentions Judge Griffin by name or title no less than nine times.  *Id.* ¶¶ 2, 3, 4, 24, 29, 32, 33, 34, 34 n.5.

On the same day that the NCDP filed suit, its attorneys filed notices of appearance as well as a Notice of Related Case, alleging that this action is related to *Republican National Committee v. North Carolina State Board of Elections*, No. 5:24-cv-00547 (E.D.N.C.).  *See* D.E. 4, 5, 7, 8, 9, 10, 11, 12, 13.  (Judge Griffin will oppose that Notice in a separate filing.)  The docket does not indicate that the NCDP has served the NCSBE defendants with the Complaint, and the NCSBE's attorneys have not yet entered notices of appearance.  No substantive proceedings have yet occurred.

**ARGUMENT**

Under Federal Rule of Civil Procedure 24(a), a court "must permit anyone to intervene who" (1) makes a timely motion to intervene, (2) has an "interest relating to the property or transaction that is the subject of the action" that "may as a practical matter" be "impair[ed] or impede[d]" by the disposition of the action, and (3) shows that he is not "adequately represent[ed]" by "existing parties."  Fed. R. Civ. P. 24(a); *see Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders Ass'n*, 646 F.2d 117, 120 (4th Cir. 1981) (reversing and remanding to allow party to intervene).  Judge Griffin satisfies all three of these requirements, and the Court should allow him to intervene as a matter of right.  In the alternative, the Court should at the very least allow Judge Griffin to intervene on a permissive basis.

**I.     Judge Griffin's motion is timely.**

There can be no question that Judge Griffin's request to intervene is timely because no substantive proceedings have yet occurred in this case.  Courts evaluating the timeliness of a motion under Rule 24 "assess three factors: first, how far the underlying suit has progressed;

second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014).

Given the early stage of this litigation, each of the timeliness factors show that this motion is timely. This case has not proceeded beyond the pleadings stage—indeed, the docket shows that the NCDP has not yet served the NCSBE defendants with the Complaint. And that agency's attorneys have not yet appeared in the case. Allowing intervention at the very outset of this case will not cause any prejudicial delay to the other parties. And the NCDP filed this case a mere three days ago, so there is no tardiness for Judge Griffin to explain.

## II. This litigation threatens to impair Judge Griffin's significantly protectable interests.

The second intervention factor is also satisfied because this litigation threatens Judge Griffin's significantly protectable interests in having the NCSBE sustain his election protests, in preserving his chances to win the election, and in defending against the NCDP's accusations against him. Parties seeking to intervene must demonstrate that they have "a significantly protectable interest," *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991), in "the resolution of this lawsuit that may be practically impaired or impeded without their participation," *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 191 (2022). This Court has recently held that a political candidate has a "significantly protectable interest" in both defending against a lawsuit which may result in his losing an election and in defending against accusations levied at him by a plaintiff. *See N.C. Green Party v. N.C. State Bd. of Elecs.*, 619 F. Supp. 3d 547, 562 (E.D.N.C. 2022); *see also Nelson v. Warner*, 472 F. Supp. 3d 297, 304 (S.D. W. Va. 2020).

Here, the NCDP's claims are squarely aimed at forcing the NCSBE to deny Judge Griffin's election protests. Specifically, the NCDP seeks to have this Court declare that any NCSBE decision sustaining Judge Griffin's protests will violate federal law. D.E. 1 ¶¶ 39-72. Indeed, the

3

NCDP concedes that Judge Griffin's protests, among others, are the actions "giving rise to the Complaint." *Id.* ¶¶ 4, 11. Judge Griffin plainly has an interest in having the NCSBE decide those protests in accordance with law.

For similar reasons, the NCDP's lawsuit poses a threat to Judge Griffin's chances of winning election to the North Carolina Supreme Court. Judge Griffin's election protests challenge the votes of more than 60,000 individuals who cast ballots in violation of state law. *See* D.E. 1-1, 1-2, 1-3, 1-4; *see also* D.E. 1 ¶ 3. In an election where only a few hundred votes separate Judge Griffin from electoral victory, the outcome of those protests will be decisive as to whether he or his opponent sits on the North Carolina Supreme Court next year. *See* D.E. 1 ¶¶ 29, 31. The NCDP's assertions that sustaining Judge Griffin's protests will violate federal law therefore threaten to cost him the election. *Id.* ¶¶ 39-72. Thus, he also has a protectable interest in defending against the NCDP's claims to preserve his chances to win the election. *See N.C. Green Party*, 619 F. Supp. 3d at 562.

Additionally, the NCDP has levied multiple accusations against Judge Griffin. For instance, the NCDP misleadingly alleges in its Complaint that Judge Griffin, through his protests, has "targeted" thousands of North Carolina voters for "disenfranchisement." D.E. 1 ¶ 45. But Judge Griffin is not seeking to disenfranchise legitimate voters. He is simply seeking to ensure that all the votes cast in the November 2024 general election for associate justice of the North Carolina Supreme Court were valid under state law. The NCDP also mischaracterizes Judge Griffin's protests as efforts to engage in "retroactive post-election voter-roll maintenance." *Id.* ¶ 43. But those characterizations could not be further from the truth—Judge Griffin merely seeks to correct the vote where thousands of ballots were cast in violation of state law; nowhere does he ask the NCSBE to remove anyone from its voter rolls. *See* D.E. 1-1, 1-2, 1-3, 1-4. Judge Griffin

4

therefore plainly has a significant interest in defending against the NCDP's inaccurate and damaging accusations. *See N.C. Green Party*, 619 F. Supp. 3d at 562.

In sum, no one could have stronger interests than Judge Griffin in defending against the NCDP's claims in this lawsuit. The Court should therefore conclude that the second intervention is satisfied.

### III. Judge Griffin's interests are not adequately represented by the NCSBE defendants.

Judge Griffin also meets the third and final intervention factor. "The requirement of [inadequate representation] is satisfied if the applicant shows that representation of his interest *may be* inadequate." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (emphasis added) (internal quotation marks omitted); *accord United Gaur. Residential Ins. Co. of Iowa v. Phila. Sav. Fund Soc'y*, 819 F.2d 473, 476 (4th Cir. 1987). Even if the interests of the existing defendants closely align with the intervenors "[a]t a high level of abstraction," the intervenors will still satisfy this factor if those interests are not "identical." *Berger*, 597 U.S. at 196. And the Supreme Court has, on more than one occasion, explained that "the burden of making th[is] showing should be treated as minimal." *Trbovich*, 404 U.S. at 538 n.10 (internal quotation marks omitted); *see Berger*, 597 U.S. at 195-96.

Here, the NCDP has sued the NCSBE and its officers, but those defendants' interests diverge broadly from those of Judge Griffin. The NCDP's lawsuit really challenges the propriety of Judge Griffin's protests under federal law. D.E. 1 ¶¶ 39-72. And one of Judge Griffin's key interests in defending against the NCDP's claims is in seeing his election protests sustained, aiding his efforts to win the election. The NCSBE defendants, on the other hand, have no interest in ensuring Judge Griffin's election to the North Carolina Supreme Court. Indeed, the NCSBE has not yet even decided whether it agrees with the merits of Judge Griffin's protests. Additionally,

the NCDP at times expressly relies on the NCSBE's agency guidance—which Judge Griffin contends is contrary to state law—to support its claims that his protests are unlawful. *Id.* ¶ 54; D.E. 1-3 at 8-11. While the NCSBE defendants are interested in defending the propriety of that guidance, Judge Griffin has the opposite interest. Further, the NCSBE has no interest in defending Judge Griffin against the NCDP's damaging accusations that he is engaged in efforts to accomplish voter "disenfranchisement" and "retroactive post-election voter-roll maintenance." D.E. 1 ¶¶ 43, 45. But Judge Griffin has significant reasons to defend against those accusations. In short, Judge Griffin's interests in defending this lawsuit are not "identical" to the NCSBE's. *Berger*, 597 U.S. at 196; *N.C. Green Party*, 619 F. Supp. 3d at 562.

At bottom, Judge Griffin has obvious personal and political interests in this case, and "[n]either the State nor its officials can vindicate such [] interest[s] while acting in good faith." *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 309 (5th Cir. 2022) (allowing political groups to intervene in defense of a challenged statute because governmental defendants defending the statute could not adequately represent the intervenors' partisan interests). Judge Griffin seeks to "give voice to a different perspective" regarding the NCDP's claims than the NCSBE defendants. *Berger*, 596 U.S. at 198. And the absence of "identical" interests between Judge Griffin and the NCSBE is sufficient to satisfy Judge Griffin's "minimal" burden on this factor. *See Trbovich*, 404 U.S. at 538 n.10; *N.C. Green Party*, 619 F. Supp. 3d at 562.

\* \* \*

For the reasons discussed above, Judge Griffin is entitled to intervene as a matter of right.

**IV.  In the alternative, the Court should grant permissive intervention.**

Even if the Court disagrees that Judge Griffin is entitled to intervene as a matter of right, it should grant permissive intervention. Under Rule 24(b), the Court "may permit anyone to

intervene who" files a timely motion and who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). As explained above, Judge Griffin's motion is timely. And it is also clear that Judge Griffin will present a defense—that sustaining his election protests comports with federal law—"that shares with the main action a common question of law or fact." *Id.* At a minimum, then, the Court should grant permissive intervention.

## CONCLUSION

Judge Griffin respectfully requests that the Court should grant his motion to intervene under Federal Rule of Civil Procedure 24.

Dated: December 9, 2024

Craig D. Schauer
41571 (NC)
DOWLING PLLC
3801 Lake Boone Trail, Suite 260
(919) 529-3351
cschauer@dowlingfirm.com

Troy D. Shelton
48070 (NC)
DOWLING PLLC
3801 Lake Boone Trail, Suite 260
(919) 529-3351
tshelton@dowlingfirm.com

W. Michael Dowling
42790 (NC)
DOWLING PLLC
3801 Lake Boone Trail, Suite 260
(919) 529-3351
mike@dowlingfirm.com

*Local Rule 83.1(d) special appearance forthcoming*

Respectfully submitted,

/s/ Mark M. Rothrock
Mark M. Rothrock
56747 (NC)
Lehotsky Keller Cohn LLP
8513 Caldbeck Drive
Raleigh, NC 27615
(336) 416-3326
mark@lkcfirm.com

William T. Thompson*
24088531 (TX)
Lehotsky Keller Cohn LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
will@lkcfirm.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.2(f)(2)

I hereby certify that this Proposed Intervenor's Memorandum in Support of His Motion to Intervene is in compliance with Local Rule 7.2(f)(2), as the document, including headings, footnotes, citations, and quotations, contains no more than 8400 words, as indicated by the word count generated by word processing software.

/s/ *Mark M. Rothrock*
Mark M. Rothrock

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 9, 2024, I electronically filed the foregoing Proposed Intervenor's Memorandum in Support of His Motion to Intervene with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the Plaintiff, the North Carolina Democratic Party. I also hereby certify that I transmitted the document via mail and electronic mail to the following non-CM/ECF participants: Counsel for Defendants, the North Carolina State Board of Education, Karen Brinson Bell, Alan Hirsch, Jeff Carmon, Stacy Eggers IV, Kevin N. Lewis, and Siobhan O'Duffy Millen:

  Terence Steed
  Mary Carla Babb
  South A. Moore
  North Carolina Department of Justice
  Special Litigation Section
  114 W. Edenton Street
  Raleigh, NC 227603
  (919) 716-6567
  tsteed@ncdoj.gov
  mcbabb@ncdoj.gov
  smoore@ncdoj.gov

  *Counsel for Defendants*

                /s/ *Mark M. Rothrock*
                Mark M. Rothrock