IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:24-cv-699

| | |
|---|---|
| NORTH CAROLINA DEMOCRATIC PARTY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| NORTH CAROLINA STATE BOARD OF ELECTIONS, *et al.*, | ) ) ) |
| Defendants. | ) |

## INTERVENOR-DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S NOTICE OF RELATED CASE

The North Carolina Democratic Party's "Notice of Related Cases" erroneously asserts that this case is related to *Republican National Committee v. North Carolina State Board of Elections*, No. 5:24-cv-547 (E.D.N.C.) ("*RNC*"). *See* D.E. 7. With different plaintiffs challenging different agency decisions under different legal theories, *RNC* bears little resemblance to this case. Proposed Intervenor Judge Jefferson Griffin opposes NCDP's request to designate the two cases as related.

### LEGAL STANDARD

Under this Court's local rules, "[c]ases may be related when":

(1) the cases concern substantially the same parties, transactions, or events;

(2) the cases call for a determination of the same or substantially related or similar questions of law and fact; or

(3) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges."

L.R. 40.3(a). The rule does not contain mandatory language requiring the Court to treat any two cases as related.

"The party requesting the related-case designation bears the burden of showing that the cases are related." *La Unión Pueblo Entero v. Ross*, No. GJH-19-2710, 2019 WL 6035604, at *3 (D. Md. Nov. 13, 2019) (quoting *Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d 116, 119 (D.D.C. 2019)). "The burden on the party claiming relation is heavy as random assignment of cases is essential to the public's confidence in an impartial judiciary." *McGahn*, 391 F. Supp. 3d at 119 (quoting *Dakota Rural Action v. United States Dep't of Agric.*, No. CV 18-2852 (BAH), 2019 WL 1440134, at *1 (D.D.C. Apr. 1, 2019)).

## ARGUMENT

NCDP has not carried its burden under any of the provisions it invokes. The cases do not "concern substantially the same parties, transactions, or events," L.R. 40.3(a)(1), and they do not "call for a determination of the same or substantially related or similar questions of law and fact," L.R. 40.3(a)(2). And it is not likely that having the cases conducted before different judges "will be an unduly burdensome duplication of labor and expense or conflicting results[.]" L.R. 40.3(a)(3).

First, the parties in this case are substantially different than the parties in *RNC*. The sole plaintiff in this case is NCDP, and it concedes that "it is not a party to" *RNC*. D.E. 7 at 1 n.1. Nor are the *RNC* plaintiffs parties here. Likewise, Judge Griffin, the proposed intervenor here, is not an intervenor in *RNC*, and the intervenors in *RNC* have not sought intervention in this case. To be sure, both suits include the North Carolina State Board of Elections and its officials as defendants, but that is not enough to make the cases related. Otherwise, virtually all election litigation would be "related" and handled by a single district judge. *See La Unión Pueblo Entero*, 2019 WL 6035604, at *3 (concluding cases were not related under the District of Maryland local rules

2

Case 5:24-cv-00699-M-KS    Document 17    Filed 12/09/24    Page 2 of 7

"because, even though some Plaintiffs and Defendants are the same, there is not complete overlap between the parties").

Second, the "transactions" and "events" at issue in this case are substantially different than those at issue in *RNC*. As construed by the Fourth Circuit, the *RNC* case is about the State Board of Elections' refusal to "strik[e] certain registered voters from North Carolina's voter rolls" in a way that would prevent their participation in "a federal election." *Republican Nat'l Comm. v. N.C. State Bd. of Elections*, 120 F.4th 390, 395 (4th Cir. 2024). This case, by contrast, does not involve striking anyone from the voter rolls and does not involve a federal election. It centers on NCDP's arguments against certain election protests filed with the Board, *see* D.E. 1 ¶¶ 7, 25, but those protests are limited to state elections, not federal elections, and would result in "[c]orrect[ing] the vote count," not striking anyone from the voter rolls. D.E. 1-2 at 2-3; D.E. 1-3 at 2-3; D.E. 1-4 at 2-3.

Put another way, the *RNC* case challenges the State Board of Elections' previous refusal to take administrative action regarding voter rolls that would implicate a federal election. *RNC*, 120 F.4th at 402. This case, on the other hand, is based on NCDP's speculative fear that the Board might take in the future regarding ballots that have already been cast in state elections. *See* D.E. 1 ¶¶ 48, 62, 68, 72 (claiming a "risk" the Board will "throw[] out votes" or "discard[] votes after an election").

These fundamental distinctions more than justify refusing to treat the cases as related. *See La Unión Pueblo Entero*, 2019 WL 6035604, at *3 (declining to treat cases as related where one addressed the "decision to include a citizenship question on the 2020 Census" and the other addressed the "decision to gather citizenship information from administrative records and distribute that data to states for redistricting purposes").

Third, the cases do not "call for a determination of the same or substantially related or similar questions of law and fact." L.R. 40.3(a)(2). With different parties disputing different administrative actions, *RNC* and this case will likely turn on different questions of law and fact. NCDP's claim that "both cases will require the Court to interpret" four broad sources of law—the Help America Vote Act ("HAVA"), the National Voter Registration Act ("NVRA"), the First Amendment, and the Fourteenth Amendment, D.E. 7 at 1-2—does not stand up to scrutiny.

As an initial matter, the *RNC* complaint does not raise any federal constitutional issues, and neither does the Fourth Circuit's opinion in that case. *See generally RNC*, No. 5:24-cv-547 (E.D.N.C.), D.E. 1-3; *RNC*, 120 F.4th 390. The constitutional claims filling much of the complaint in this case are not present in *RNC*. *See* D.E. 1 ¶¶ 49-68 (Counts II and III).

The two cases also raise separate questions under the federal statutes. *RNC* considers whether "striking certain registered voters from North Carolina's voter rolls" shortly before "a federal election would violate" the NVRA. *RNC*, 120 F.4th 395. But this case addresses a separate legal question: the validity of NCDP's erroneous assertion "that the NVRA prohibits throwing out votes after an election" for state office. D.E. 1 ¶ 48. Similarly, *RNC* asks whether HAVA required the Board to remove certain voters from the voter rolls before the federal election, *see RNC*, 120 F.4th at 400, while this case asks whether HAVA prohibits the Board from refusing to count certain votes in a state election, *see* D.E. 1 ¶ 72.

Fourth, it is not "likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." L.R. 40.3(a)(3). Compared to *RNC*, this case will require the Court to evaluate a different record, resolve different factual and legal questions, and consider different requested relief. *See La Unión Pueblo Entero*, 2019 WL 6035604, at *3. "These tasks would not *substantially* duplicate any efforts" from *RNC*.

*Id.* Indeed, considering the stage of the proceedings in *RNC*—where the parties have already surpassed the pleadings stage (and completed an appeal)—it is consolidation, not random assignment, that would likely duplicate the parties' and the Court's work. Thus, this case is unrelated to *RNC*, and there is no ground for displacing the Court's usual policy of random assignment.

## CONCLUSION

Proposed Intervenor respectfully requests that the Court reject NCDP's "Notice of Related Cases."

Dated: December 9, 2024

Craig D. Schauer
41571 (NC)
DOWLING PLLC
3801 Lake Boone Trail, Suite 260
(919) 529-3351
cschauer@dowlingfirm.com

Troy D. Shelton
48070 (NC)
DOWLING PLLC
3801 Lake Boone Trail, Suite 260
(919) 529-3351
tshelton@dowlingfirm.com

W. Michael Dowling
42790 (NC)
DOWLING PLLC
3801 Lake Boone Trail, Suite 260
(919) 529-3351
mike@dowlingfirm.com

Respectfully submitted,

/s/ Mark M. Rothrock
Mark M. Rothrock
56747 (NC)
Lehotsky Keller Cohn LLP
8513 Caldbeck Drive
Raleigh, NC 27615
(336) 416-3326
mark@lkcfirm.com

William T. Thompson*
24088531 (TX)
Lehotsky Keller Cohn LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
(512) 693-8350
will@lkcfirm.com

*Local Rule 83.1(d) special appearance forthcoming*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.2(f)(2)**

I hereby certify that this Proposed Intervenor's Response in Opposition to Plaintiff's Notice of Related Case is in compliance with Local Rule 7.2(f)(2), as the document, including headings, footnotes, citations, and quotations, contains no more than 8400 words, as indicated by the word count generated by word processing software.

/s/ *Mark M. Rothrock*
Mark M. Rothrock

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2024, I electronically filed the foregoing Proposed Intervenor's Response in Opposition to Plaintiff's Notice of Related Case with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the Plaintiff, the North Carolina Democratic Party. I also hereby certify that I transmitted the document via mail and electronic mail to the following non-CM/ECF participants: Counsel for Defendants, the North Carolina State Board of Education, Karen Brinson Bell, Alan Hirsch, Jeff Carmon, Stacy Eggers IV, Kevin N. Lewis, and Siobhan O'Duffy Millen:

    Terence Steed
    Mary Carla Babb
    South A. Moore
    North Carolina Department of Justice
    Special Litigation Section
    114 W. Edenton Street
    Raleigh, NC 227603
    (919) 716-6567
    tsteed@ncdoj.gov
    mcbabb@ncdoj.gov
    smoore@ncdoj.gov

    *Counsel for Defendants*

    /s/ *Mark M. Rothrock*
    Mark M. Rothrock